Albert Orenstein, J.
This is an appeal by defendant from a judgment of a Court of Special Sessions held by a Justice of the Peace of the Town of Clay. (Heath, J. P.) rendered on February 9, 1970, upon defendant’s conviction of violating section 240.35 (5) of the Penal Law (loitering).
New York State Trooper J. B. Morlock filed an information charging the defendant with the commission of the violation in that he ‘ ‘ loitered and remained on the school grounds and building with having no reason for being there all contrary to above statute (§ 240.35, subd. 5.)
Subdivision 5 of section 240.35 reads as follows: “A person is guilty of loitering when he: * * * 5. Loiters or remains in or about a school, college or university building or grounds, not having any reason or relationship involving custody of or responsibility for a pupil or student, or any other specific, legitimate reason for being there, and not having written permission from anyone authorized to grant the same ”.
On February 13, 1970, the Liverpool Middle School was holding an activities day from 7:30 p.m. to 9:30 p.m. The age group of the children attending was from 10 to 14 years.
Bichard J. DeFazio, the principal of the school, who was the main witness for the People, testified that when he arrived at the school at 8:30 p.m. he walked to the front entrance and observed the defendant, James Bennett, standing in front of the entrance with other students. He knew he was not a student at the school. Concededly, the defendant had no written permission from anyone in authority.
The People’s case rested largely upon the following testimony by the principal: “ I then came back to the entrance and James *17 Bennett was standing in the foyer. I asked him to leave. He said that he was there to watch the children and that he didn’t have to leave, that it would not set well with his father if he had to leave, that he was instructed to watch his sister. He wanted to talk with his sister. I went in to see how she was. She was fine. I asked him to please leave. He said, no, I can’t; I want to talk to my sister. He still wouldn’t go. I called the police and had the boy removed from the building.”
Subdivision 5 of section 240.35 proscribes conduct penalized as disorderly conduct by section 722-b of the former Penal Law. (Practice Commentary by Richard G. Denzer and Peter McQuillan, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, p. 167.) The pertinent portion of section 722-b read as follows: ‘' Any person not the parent or legal guardian of a pupil or student in regular attendance at said school, college or university who loiters in or about any school, college or university buildings or grounds without written permission from the principal, custodian or other person in charge thereof * * * shall be guilty of disorderly conduct.”
It is significant to note the difference between subdivision 5 of section 240.35 and section 722-b of the former Penal Law.
Section 722-b prohibits “ any person not the parent or legal guardian of a pupil” from loitering while subdivision 5 of section 240.35 prohibits a person ‘ ‘ not having any reason or relationship involving custody of or responsibility for a pupil ”.
A logical and reasonable interpretation of the statute as presently enacted clearly indicates that the Legislature intended to extend the immunity from a charge of loitering to persons acting in loco parentis though not the actual parent or legal guardian of the student.
A 17-year-old brother, who at the direction of his father escorted his teenage sister to a public school and waited on the premises to accompany her home, is clearly within the exception contemplated by the Legislature. Certainly, no criminality can be attached to that conduct.
Section 722-b “was designed to exclude from school areas degenerates, narcotics peddlers, vandals and the like. The statute was broadly worded — to punish one who ‘ loiters ’ about a school building — but it certainly was never designed to render innocent conduct criminal.” (People v. Johnson, 6 N Y 2d 549, 554, dissenting opn. of Fuld, J.)
The defendant, James Bennett, is the brother of Mary Ann Bennett, 14 years of age, who was a student at Liverpool Middle School on the night in question.
*18 The father of the defendant, William E. Bennett, testified that he directed his son to take her to the school and wait for her and bring her home. Another witness, a neighbor of the defendant, Leonard E. Burst testified that, upon learning that the defendant’s sister was going to the dance, he asked the defendant to keep an eye on his two daughters who were students at the same school and were going to attend the same school affair.
The defendant testified he was on the school premises in compliance with his father’s request. He told the principal and the State Trooper at the school, ‘' I was there watching my sister and the Burst girls and that I was there collecting my money.” The money referred to was a loan the defendant made to a student for the purchase of soft drinks at the dance and which was to be repaid him at the school that night. This testimony was ruled irrelevant by the trial court.
I cannot agree with that holding. This proof should have been received by the trial court as bearing upon the legitimate motive for the defendant’s presence in the school that evening.
The burden was on the People to establish the guilt of this defendant beyond a reasonable doubt and that burden extended to all the essential elements of the penal statute.
People v. Schanbarger (24 N Y 2d 288, 291) is decisive on this point. There, the Court of Appeals in interpreting another subdivision of section 240.35 (subd. 6) held that: “ The subdivision of the statute under which he was convicted contains clauses which are conjunctive, rather than disjunctive, and, in order to sustain a conviction under it, each of the conjunctive elements must be proved beyond a reasonable doubt.”
The same rationale applies to subdivision 5.
The People, in order to find this defendant guilty of loitering under section 240.35 (subd. 5) must prove beyond a reasonable doubt that he had no reason or relationship involving custody of or responsibility for a pupil or student or any other specific, legitimate reason for being there and that he had no written permission from anyone authorized to grant the same.
The trial record discloses more than sufficient evidence that the defendant did in fact have proper and legitimate reasons for being present at the school. Furthermore, there was no evidence of any misbehavior by the defendant.
The defendant cannot, therefore, be convicted of loitering on school premises solely on the ground that he did not have written permission to be there.
The judgment of conviction is reversed and the information dismissed.